IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Michael Rice, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Anderson County; Anderson County Detention Center; Anderson County Sherriff's Office; Southern Health Partners, Inc.; Dr. James Walker; ACSO Sheriff John Skipper; Major Garry Bryant; Nurse Lorie Shedd; Nurse Krystal Jones; Nurse Ashley Wilson, <br><br> Defendants. | C/A No. 0:19-cv-851-SAL <br><br><br> **OPINION AND ORDER** |

This matter is before the Court for review of the June 15, 2021 Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 90.] In the Report, the Magistrate Judge recommends that Defendants' motions for summary judgment, ECF Nos. 59 & 60, be granted. For the reasons outlined herein, the court adopts the Report in its entirety.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights as a pretrial detainee. He also asserted state law causes of action for negligence and gross negligence. The claims relate to the care Plaintiff received while at the Anderson County Detention Center ("ACDC") for an ant bite on his left forearm and rash on his buttocks. The specific facts are fully set forth in the Report, and this court will not repeat them here.

On March 31, 2021, Defendants Anderson County, the Anderson County Sherriff's Office ("ACSO"), ACDC, Sheriff John Skipper, and Major Garry Bryant (collectively the "Anderson

1

Defendants") filed a motion for summary judgment. [ECF No. 59.] On April 2, 2021, Defendants Southern Health Partners, Inc. ("SHP"), Dr. James Walker, Nurse Lorie Shedd, Nurse Krystal Jones, and Nurse Ashley Wilson (collectively the "Medical Defendants") filed a motion for summary judgment. [ECF No. 60.] Thereafter, the Magistrate issued her Report, recommending that this court grant the Anderson Defendants' and Medical Defendants' motions for summary judgment. [ECF No. 90.] Plaintiff filed objections to the Report. [ECF No. 92.] The Anderson Defendants and Medical Defendants responded to the objections, ECF Nos. 93, 94, Plaintiff submitted a reply, ECF No. 97, and the matter is now ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from

2

the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 U.S. Dist. LEXIS 175597, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

The Report divides the Defendants into two groups—the Anderson Defendants and the Medical Defendants. The Anderson Defendants are comprised of the ACSO, the ACDC, Sheriff John Skipper, and Major Garry Bryant. The Medical Defendants are comprised of SHP, Dr. James Walker, Nurse Lorie Shedd, Nurse Krystal Jones, and Nurse Ashley Wilson. Plaintiff asserts claims of negligence and gross negligence under South Carolina law and violations of his constitutional rights under 42 U.S.C § 1983 against both groups of Defendants. The Report recommends summary judgment in favor of both groups on all claims. Below, the court will address Plaintiff's objections to the Report's recommendations regarding each group of Defendants, as well as Plaintiff's blanket objection that the Report misapplied the summary judgment standard.

**I. The Anderson Defendants**.

The Report recommends granting summary judgment as to the Anderson Defendants because

Plaintiff's negligence and gross negligence claims are barred by the applicable statute of limitations and none of the Anderson Defendants are "persons" amenable to suit under § 1983. In the objections, Plaintiff argues: (1) his state negligence and gross negligence claims were timely filed and (2) the Anderson Defendants were properly named as defendants in this action. The court addresses both objections below.

### A. Timeliness of Negligence and Gross Negligence Claims.

The Report's recommendation on the Anderson Defendants' statute of limitations argument is two-fold. The Report first concludes that Plaintiff effectively conceded the statute of limitations argument by failing to substantively respond to it in his opposition to summary judgment. Then, the Report goes on to analyze the substance of the issue, ultimately concluding that the claims are barred by the statute of limitations. Plaintiff's objections address both recommendations.

As to the lack of substantive response by Plaintiff, the court agrees with the Report that Plaintiff's mere reference to *Cooper v. Sheehan*, 735 F.3d 153 (4th Cir. 2013) is not a substantive response to the statute of limitations issue. In that regard, Plaintiff's objection is overruled. Turning to the substantive component of the Report's recommendation, the Report considered the timeliness of Plaintiff's claims and found that they were barred by the two-year statute of limitations provided by the South Carolina Tort Claims Act. *See* [ECF No. 90 at 7.] Plaintiff's objection does not dispute the Report's finding that his claim is untimely under the Act. Instead, he argues that the negligence and gross negligence claims are subsumed within his § 1983 claims, and therefore, were timely brought within an alleged three-year statute of limitations attached to his § 1983 claims. *See* [ECF No. 92 at 7–8.] In support, Plaintiff cites *Cooper v. Sheehan*, 735 F.3d 153 (4th Cir. 2013). *Id.* Reliance on this case is misplaced.

In *Cooper*, the Fourth Circuit noted that "inasmuch as the analysis of public officers' immunity

4

is functionally identical to our discussion of the Officers' entitlement to qualified immunity with respect to the § 1983 claims, the state law claims are 'subsumed within the federal excessive force claim[s] and so go forward as well.'" 735 F.3d at 160 (alteration in original) (citation omitted). This reasoning does not address section 1983's statute of limitations nor hold that a section 1983 claim displaces a state statute of limitations requirement. Plaintiff has not cited, and this court cannot locate, any case law supporting his proposition that the section 1983 claim displaces the two-year statute of limitation requirement imposed by South Carolina law on the state claims. Thus, Plaintiff's objection is overruled.

### B. Amenability to Suit under § 1983.

Plaintiff's next objection to the Report pertains to his Fourteenth Amendment claim. The Report found that Defendants ACSO and ACDC were not "persons" amenable to suit under § 1983, and Defendants Skipper and Bryant were not "persons" amenable to suit under § 1983 in their official *or* individual capacities. Plaintiff objects to these recommendations, arguing that the Anderson Defendants were "properly named as party defendants in this action." [ECF No. 92 at 8.]

#### 1. ACSO and ACDC.

In his objections, Plaintiff argues in conclusory fashion that he properly "named ACSO and ACDC as party defendants through S.C. Code Ann. §15-78-70," the statute governing his claims for negligence and gross negligence. *Id.* However, Plaintiff does not address the Report's finding that ACSO and ACDC are not "persons" amenable to suit under his § 1983 claim. Thus, Plaintiff has not raised a specific objection as to the Report's finding that Defendants ACSO and ACDC are not amenable to suit pursuant to § 1983. In the absence of a specific objection, this court reviews the Report's finding for clear error, and having found none, agrees that the Report properly

granted summary judgment as to ACSO and ACDC on Plaintiff's § 1983 claims against them.

### 2. Defendants Skipper and Bryant

As to Defendants Skipper and Bryant, Plaintiff argues that he has established that they are amenable to suit under § 1983 in their individual *and* supervisory capacities.

#### i. Individual Liability.

Plaintiff's objections point to four arguments in support of the personal, individual liability of Defendants Skipper and Bryant under section § 1983.  First, Plaintiff argues that both Defendants "were responsible for contracting their constitutional obligation and/or duty to provide adequate medical care to jailers and/or detainees." [ECF No. 92 at 10.]  Second, that Defendant Bryant was not present at ACDC to address Plaintiff's request for transfer to a hospital, thereby depriving Plaintiff of timely medical care.  *Id.* at 11.  Third, that both Defendants "failed to provide training for their jail officials with regards to responding to the detainees and/or jailers' medical needs." *Id.* at 12.  And finally, that both Defendants are responsible for having Plaintiff placed "in an unclean staph cell considering their prior knowledge of his ant bite." *Id.*  These four arguments are merely a re-assertion of arguments that Plaintiff made in opposition to summary judgment. The Report properly rejected the arguments because Plaintiff could not demonstrate that Defendants were personally involved in the deprivation of his constitutional rights.  *See* [ECF No. 90 at 12–13.]

Likewise, Plaintiff failed to forecast any evidence to suggest that Defendants Skipper or Bryant, through their own actions or omissions, violated his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.'").  Moreover, Plaintiff has failed to

6

demonstrate that the Defendants' alleged behavior caused his abscess formation or hospitalization. *See Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) ("[C]onstitutional torts . . . require a demonstration of both but-for and proximate causation."). For these reasons, the court agrees with the Report's recommended finding that Defendants Skipper and Bryant are not amenable to suit under § 1983 in their individual capacities.

### ii. Supervisory Liability.

Plaintiff also objects to the Report's recommendation on Defendants Skipper and Bryant's liability in their official capacities through supervisory liability. [ECF No. 92 at 10]; *see Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) ("The principle is firmly entrenched that supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates."). The Fourth Circuit has recognized that a supervisory official can be liable where: "(1) he knew that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) his response showed deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between his inaction and the constitutional injury." *King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016) (internal quotation marks omitted) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Again, Plaintiff fails to forecast evidence sufficient to meet these three elements.[1]

---

[1] For example, Plaintiff points to other cases filed against SHP as evidence that Skipper and Bryant "have constructive, if not actual, knowledge of the inadequate medical treatment provided by SHP." [ECF No. 92 at 10–11.] And thus, Plaintiff argues that by extending the contract with SHP, "Defendants Skipper and Bryant facilitated the injuries suffered by Plaintiff (as well as other parties in the above-mentioned SHP cases)." *Id.* at 11. However, as Defendants point out, Plaintiff "cites to no authority for the proposition that prior lawsuits against a medical provider is in, and of itself, enough to satisfy the subjective knowledge requirement of an Eighth Amendment claim brought pursuant to section 1983," nor that the existence of these other cases is evidence that

Furthermore, as discussed below, the court does not find that the Medical Defendants inflicted constitutional injuries in this case. *See infra* Discussion § II. As such, Plaintiff has failed to establish that Defendants Skipper and Bryant are amenable to suit under § 1983 in their supervisory capacities.

In sum, the court overrules Plaintiff's objections and agrees with the Report's recommended finding that the Anderson Defendants are not amenable to suit under Plaintiff's §1983 claim.[2]

## II. The Medical Defendants.

Turning to the Medical Defendants, the Report recommends granting summary judgment because Plaintiff failed to forecast evidence that they breached the standard of care in treating Plaintiff or that they were deliberately indifferent to a serious risk of harm in violation of the Fourteenth Amendment. Plaintiff's objections submit that he provided sufficient evidence on both the negligence and constitutional claims to survive summary judgment. The court addresses Plaintiff's objections as to both claims below.

### A. Negligence Claim.

First, Plaintiff argues that the Report misconstrued his assertions in concluding that Plaintiff failed to forecast evidence in support of his negligence claim. *See* [ECF No. 92 at 17–18.] He contends that the Report misunderstood his reply to Defendants' motion for summary judgment as arguing that the "SOAP" system was the proper standard of care. *Id.* Instead, Plaintiff maintains that he established "in no uncertain terms that the standard of care for treatment of [an] ant bite and/or swelling is the prescription of two (2) [Bactrim] tablets two (2) times a day," and that the

---

Defendants subjectively recognized *and* disregarded a risk to Plaintiff that caused his injury. *See* [ECF No. 94 at 7.]

[2] As a result, the court need not address Plaintiff's argument that he sufficiently proved that the Anderson Defendants violated his constitutional rights. *See* [ECF No. 92 at 10.]

Medical Defendants breached this standard of care by prescribing a dosage that was too low. *Id* at 18.

The Report notes that Plaintiff "points to pages from the deposition of Dr. Rana purportedly about the Subjective, Objective, Assessment, and Plan ("SOAP") system as the appropriate standard of care and Dr. Walker's deviation from it." [ECF No. 90 at 14 (internal quotation marks omitted).] However, the Report did not rely on the SOAP system in its finding that Dr. Walker did not breach the standard of care. Instead, the Report considered the *dosage* prescribed by Dr. Walker and found the evidence in the record insufficient to demonstrate that the dosage breached any standard of care. In fact, the Report acknowledged that Plaintiff's expert, Dr. Rana, testified that "the dosage of Bactrim was 'a bit too low'" but noted that Dr. Rana refused to say that the prescribed dosage breached the standard of care. *Id.* at 15 ("When asked if Dr. Walker breached or deviated from the standard of care in his treatment of Rice, Dr. Rana answered, 'No, I wouldn't say that. It was just the timing of—the infection was quite overwhelming, that it couldn't be treated with oral medications and had to be treated surgically.'" (citations omitted)). As such, the Report properly concluded that Plaintiff failed to point to any evidence that Dr. Walker breached a standard of care.

Second, regarding the Nurse Defendants, Plaintiff asserts that their failure to check his vitals during their treatment of the initial bug-bite infection, which had fully healed prior to the treatment of the September 16 ant bite at issue here, "highlights the fact that there was a deviation from the standard of care." [ECF No. 92 at 23.] However, this argument was already addressed and rejected by the Report. *See* [ECF No. 90 at 15–16.] And Plaintiff has pointed to no error in the Report's analysis or subsequent finding that there is no evidence that the nurses departed from an appropriate standard of care or caused his injuries. In sum, the Report properly recommended

9

dismissal of Plaintiff's negligence and gross negligence claims as to all Medical Defendants.

### B. Deliberate Indifference under § 1983.

Plaintiff argues that the Report improperly dismissed his claims of deliberate indifference as to the Medical Defendants. Again, Plaintiff's arguments are merely a recitation of his arguments in the record before the Magistrate. The Report thoroughly analyzed Plaintiff's claims but found that he failed to point to evidence from which a reasonable jury could find that the Medical Defendants consciously disregarded a substantial risk to his health in violation of the Fourteenth Amendment. *See* [ECF No. 90 at 16–19.] And the court finds no error in the Report's analysis.

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). And as the Report found, "[a]t most, Rice claims that the nurses knowingly failed to document the progression of the spot on his buttocks and relay that progression to Dr. Walker, but Rice points to no evidence from which a reasonable jury could find that their omission of this information was deliberate or that the spot on his buttocks posed a substantial risk of harm to his health." [ECF No. 90 at 19.] Nor does Plaintiff point to any evidence supporting his allegation that Dr. Walker "haphazardly examined him," disregarded his symptoms, or that Dr. Walker's failure to observe the spot on his buttocks posed a substantial risk to Plaintiff's health. *See* [ECF No. 92 at 28–29.] As such, the court overrules Plaintiff's objection and finds that the Report properly dismissed Plaintiffs' deliberate indifference claim as to the Medical Defendants.

### III. Application of the Summary Judgment Standard.

Plaintiff broadly objects to the Report's application of the summary judgment standard, arguing that the Report ignored evidence and disputed facts. In particular, Plaintiff takes issue with the Report's conclusion that "Plaintiff failed to cite and/or provide proof of his claims." [ECF

No. 92 at 30.]

The court easily disposes of this objection. There is no evidence that the Report ignored the record or improperly applied the summary judgment standard. In fact, the Report expressly considered the deposition testimony of Plaintiff's experts Dr. Rana and Dr Ruoff and the deposition testimony of treating physicians Tamminemi and Beal. *See* [ECF No. 90 at 14–16, 19.] The Report went on to explain why their deposition statements did not support Plaintiff's claims.

Perhaps most importantly, the court is not required to "hunt through the record" to find support for Plaintiff's arguments. *See United States v. Crooks*, 73 F. App'x 353, 355 (10th Cir. 2003). Plaintiff failed to provide the Magistrate citations to the record in support of his argument in accordance with Federal Rule of Civil Procedure 56(c). *See* [ECF No. 90 at 2 n.3.] The Magistrate, on the other hand, thoroughly reviewed and cited to the record in support of her recommendations. As such, the Court finds that the Report properly applied the summary judgment standard and overrules Plaintiff's objection.

Finally, Plaintiff suggests that the Report overlooked disputed facts as to: (1) whether the culture of his wound was processed, (2) whether the culture would have determined the cause of infection, and (3) whether Dr. Walker improperly diagnosed Plaintiff. *See* [ECF No. 92 at 30.] But these alleged disputes do not preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Nothing in the record indicates that culturing the wound was necessary or that failure to do so would have been a breach of the standard of care. There is also nothing in the record to support that Dr. Walker misdiagnosed Plaintiff, and, even if he had, Plaintiff has still failed to point to evidence that Dr. Walkers' treatment of Plaintiff's infection breached a standard of care

11

or rose to the level of deliberate indifference. Thus, this objection is also overruled.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court adopts the Report, ECF No. 90, in its entirety and hereby incorporates the Report by reference. As a result, the Anderson Defendants' motion for summary judgment, ECF No. 59, is **GRANTED**, and the Medical Defendants' motion for summary judgment, ECF No. 60, is **GRANTED.**

**IT IS SO ORDERED.**

January 3, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge